UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHANTEL P.,

                        Plaintiff,

v.                                                  CASE NO. 1:22-cv-00645 (JGW)

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
_____

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

The parties consented in accordance with a standing order to proceed before the undersigned. The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the Court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Docs. 11, 12), as well as Plaintiff's reply brief (Doc. 19). Upon review of the administrative record and consideration of the parties' filings, Plaintiff's Motion for Judgment on Pleadings (Doc. 11) is **DENIED**, Defendant's Motion for Judgment on the Pleadings (Doc. 12) is **GRANTED**, and the decision of the Commissioner is **AFFIRMED**.

I.     RELEVANT BACKGROUND

    A.     **Procedural Background**

On September 16, 2015, Plaintiff filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning April 22, 2015. (Tr. 71.) Plaintiff's claim was denied initially on December 11, 2015. (Tr. 78.) She then timely

requested a hearing before an Administrative Law Judge (ALJ). (Tr. 88-89.) Plaintiff appeared with counsel for a hearing before ALJ Lynette Gohr. (Tr. 27-69.) On March 14, 2018, the ALJ issued an unfavorable decision, finding that Plaintiff was not disabled. (Tr. 9-26.) The Appeals Council denied her request for review, (Tr. 1-6), and Plaintiff timely filed her appeal to this Court.

The case was remanded by agreement of the parties for further administrative proceedings. (Tr. 473-74.) Specifically, the parties stipulated that, "[u]pon remand, the Administrative Law Judge will be directed to: (1) evaluate the medical evidence pursuant to 20 C.F.R. § 404.1527, and; (2) Offer the claimant the opportunity for a hearing, take further action, and issue a new decision. Both parties may submit additional medical and other evidence." (Tr. 473.)

Thereafter, the Appeals Council issued an order remanding the case to the ALJ, directing the ALJ to conduct "further proceedings consistent with the order of the court." (Tr. 478-79.) The order specifically provided that "[t]he finding that jobs exist in significant numbers in the national economy that the claimant can perform is not supported by substantial evidence." (Tr. 478.) The order noted that the jobs identified by the vocational expert and relied upon by the ALJ as available jobs were not, in fact, appropriate because the DOT indicated that each of these jobs required frequent reaching in all directions— and Plaintiff was restricted from ever reaching overhead in the ALJ's RFC. (*Id.*) Thus, the Appeals Council noted that "further evaluation as to whether jobs exist in significant numbers in the national economy that [Plaintiff] can perform is necessary." (*Id.*) The Appeals Council also noted that Plaintiff had filed a subsequent claim for Title XVI disability benefits on February 22, 2019, and ordered the ALJ to "consolidate the claims

2

files, associate the evidence, and issue a new decision on the consolidated claims." (Tr. 479.)

On remand, the matter was assigned to ALJ Timothy McGuan, who held a telephonic hearing on November 9, 2020. (Tr. 413-48.) On December 22, 2020, the ALJ issued an unfavorable decision, finding that Plaintiff was not disabled. (Tr. 394-412.) The Appeals Council denied her request for review, (Tr. 383-89), and Plaintiff timely filed her appeal to this Court.

### B.     Factual Background[1]

Plaintiff was born on October 31, 1972 and alleged a disability onset date of April 22, 2015. (Tr. 71.) Plaintiff has a GED and took some college courses. (Tr. 418.) During the telephonic hearing on November 9, 2020, Plaintiff identified back pain, arthritis, and depression as her disabling conditions. (*Id.*) She indicated that she cannot work because she cannot sit for "too long," stand for "too long," and cannot reach. (Tr. 419.) Her son takes care of her, but she spends most of her time in her chair or bed. (Tr. 419, 425.)

She indicated that she has constant muscle spasms, and while she tries to help by cleaning her room, it takes her all day because she has to stop to rest. (Tr. 420.) She described her pain as being so strong it makes her feel like she is having a heart attack, and sometimes, the pain is so strong that she cannot sit up in the chair. (*Id.*) She also indicated that the pain radiates from her lower back to her arms and down into her hips and legs. (Tr. 422.) The pain also affects her hands, making it difficult to hold onto things and to write, type, or sew. (*Id.*) Plaintiff further described that reaching causes spasms

---

[1] This recitation of facts primarily includes testimony from the hearing before the ALJ. Other facts will be developed throughout the opinion as relevant to the Court's analysis.

in her back, and so she cannot complete tasks such as doing her hair and washing her legs. (Tr. 423-24.)  She associated her pain with her back issues.  (Tr. 426.)

Plaintiff testified that she was supposed to have back surgery several times, but it was delayed due to bleeding in her urine and rectal area, but the doctors have been unable to identify where the bleeding originates.  (Tr. 421.)

To help with her pain, Plaintiff identified that she uses certain over the counter creams, such as Aspercreme and Icy Hot, as well as lidocaine patches. (Tr. 424.) She also indicated that that she takes muscle relaxers and other medications, but not narcotic pain medication, and she also receives injections.  (*Id.*)  She testified that they provide some relief, but nothing takes away all the pain.  (*Id.*)  She indicated that activity, such as walking and using her arms extensively, increases the pain.  (*Id.*)

Despite these attempts at pain control, Plaintiff described the ways in which her pain limited her.  She noted that she spends most of the day rotating between her bed and chair, because when she tries to do more than that, she experiences significant spasms.  (Tr. 419, 425-26.)  She indicated that she can only sit for approximately twenty minutes, stand for ten to fifteen minutes, and walk to the front of her house. (Tr. 426-27.) She explained that she only shops twice a month, with help and using a scooter, and does not go out socially.  (Tr. 427.)  She indicated that her son mostly cooks for her, she cannot vacuum, and she does not drive.  (Tr. 428-29.)  She described being unable to reach overhead at all, nor is she able to climb stairs.  (Tr. 429.)

She indicated her pain level, and thus her limitations, are worse than when she initially filed, as back then, she was able to take care of herself more, including bathing herself, cleaning her home, and some limited cooking.  (Tr. 434-36.)  She also previously

4

had custody of two of her grandchildren but had to relinquish custody as her condition deteriorated and she became unable to care for them. (Tr. 438.)

**C.    ALJ's Decision**

Generally, in his decision, the ALJ made the following findings of fact and conclusions of law.

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2017. (Tr. 399.)

2. The claimant has not engaged in substantial gainful activity since April 22, 2015, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*). (Tr. 399.)

3. The claimant has the following severe impairments: lumbar spondylosis and spondylolisthesis, sciatica (20 CFR 404.1520(c) and 416.920(c)). (Tr. 400.)

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). (Tr. 400.)

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant can occasionally climb ramps and stairs, can never climb ropes, ladders or scaffolds, can occasionally stoop, kneel, balance and crawl, can never reach overhead bilaterally and should avoid concentrated exposure to cold. (Tr. 401.)

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965). (Tr. 404.)

7. The claimant was born on October 31, 1972 and was 42 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date. The claimant subsequently changed age category to a younger individual age 45-49 (20 CFR 404.1563 and 416.963). (Tr. 405.)

8. The claimant has a limited education (20 CFR 404.1564 and 416.964). (Tr. 405.)

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable

      job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2). (Tr. 405.)

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)). (Tr. 405.)

11. The claimant has not been under a disability, as defined in the Social Security Act, from April 22, 2015, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)). (Tr. 406.)

## II.    LEGAL STANDARD

###     A.    Standard of Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 496, 501 (2d Cir. 2009). "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If the evidence is susceptible to more than one rational interpretation, the Commissioner's determination must be upheld. *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014). "Where an administrative decision rests on adequate findings sustained by evidence having rational probative force, the court should not substitute its judgment for that of the Commissioner." *Yancey v. Apfel*, 145 F.3d 106, 111 (2d Cir. 1998).

### B. Standard to Determine Disability

To be disabled under the Social Security Act ("Act"), a claimant must establish an inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 20 C.F.R. § 416.905(a). The Commissioner must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. § 416.920(a).

At step one, the claimant must demonstrate that he is not engaging in substantial gainful activity. 20 C.F.R. § 416.920(b). At step two, the claimant must demonstrate that he has a severe impairment or combination of impairments that limits the claimant's ability to perform physical or mental work-related activities. 20 C.F.R. § 416.920(c). If the impairment meets or medically equals the criteria of a disabling impairment as set forth in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and satisfies the durational requirement, the claimant is entitled to disability benefits. 20 C.F.R. § 416.920(d). If the impairment does not meet the criteria of a disabling impairment, the Commissioner considers whether the claimant has sufficient residual functional capacity (RFC) for the claimant to return to past relevant work. 20 C.F.R. § 416.920(e)-(f). If the claimant is unable to return to past relevant work, the burden of proof shifts to the Commissioner to demonstrate that the claimant could perform other jobs which exist in significant numbers in the national economy, based on claimant's age, education, and work experience. 20 C.F.R. § 416.920(g).

### III.   ANALYSIS

Plaintiff identifies two bases for remand. First, she argues that the ALJ "erred twice by inventing his own regulation regarding *res judicata* and by failing to follow the district court's stipulated remand order." (Doc. 11-1 at 21.) Second, Plaintiff argues that the ALJ erred in substituting his own lay opinion for that of any doctor regarding Plaintiff's physical limitations. (*See id.* at 23.)

**A.  The ALJ's Scope of Review on Remand was Appropriate.**

Plaintiff focuses on certain statements made by the ALJ during the hearing that she argues shows that the ALJ incorrectly limited his review of the case to clarification of the vocational expert's opinion and found that all other issues were "off limits and precluded by *res judicata* for the time period up to the prior ALJ decision of March 14, 2018." (*Id.* at 21.) Thus, Plaintiff contends that the ALJ improperly only reviewed the medical evidence for changes after the prior decision date, rather than considering the entire relevant period. (*See id.* at 22.)

In support of her argument, Plaintiff points to a statement made by the ALJ at the hearing:

> . . . we've got to look at the fact that this remand was really only for clarification by the VE, the jobs—apparently the prior jobs. The occasion— the reaching was different so I mean there was no, how shall I say it, there no disagreement with the RFC and that type of thing in the prior case but that just took us up to 3/14/18 which is the day of the decision. So then since that date, I'm going to have to look at the—not only the file and—complete file, but I got to look at to see what changes because Ms. Presley described a person that was, obviously, totally disabled.

(Tr. 444-45.)

Although Plaintiff frames the issue as one involving "*res judicata*," it seems that the doctrines of both *res judicata* and law of the case must be analyzed, as both influence the

8

appropriate scope of the ALJ's review following remand. To begin, any *res judicata* principles do not apply to the present situation because ALJ Gohr's decision was expressly vacated by the Appeals Council. (*See* Tr. 478) ("The Appeals Council, hereby, vacates the final decision of the Commissioner of Social Security and remands this case to an Administrative Law Judge for further proceedings consistent with the order of the court."); *Parvon v. Comm'r of Soc. Sec.*, Case No. 18-cv-226-FPG, 2020 WL 1131220, at *4 (W.D.N.Y. Mar. 9, 2020) (finding that *res judicata* principles did not apply to that case because the Appeals Council expressly vacated the first ALJ's decision upon remand and collecting cases).

The law of the case doctrine, however, involves a different analysis. Under that doctrine, "relitigation of issues expressly or impliedly decided by [an] appellate court" are generally foreclosed. *Id.* (quoting *Marvin v. Colvin*, No. 15-CV-74, 2016 WL 2968051, at *3 (N.D.N.Y. May 20, 2016) (second alteration in original) (quoting *Starbucks Corp. v. Wolfe's Borough Coffee, Inc.*, 736 F.3d 198, 208 (2d Cir. 2013)). In fact, relitigation is not permitted "absent 'cogent' and 'compelling' reasons such as 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Id.* (internal citation omitted.) That said, "the SSA's regulations provide that, upon remand, '[a]ny issues relating to [a] claim may be considered by the administrative law judge.'" *Id.* (quoting 20 C.F.R. §§ 404.983, 416.1483). In practicality, "[c]ourts resolve the apparent conflict between the regulations and the law of the case doctrine by permitting the Commissioner to revisit any issues as long as the court has not remanded the case with specific instructions or made findings of fact." *Id.* (citing *Thompson v. Astrue*, 583 F. Supp. 2d 472, 474–75 (S.D.N.Y. 2008)).

Having reviewed the hearing transcript and decision in their entirety, the Court disagrees with Plaintiff's argument that ALJ McGuan improperly limited the scope of his review of the case on remand. Significantly, as Defendant properly notes, Plaintiff did not include the entire statement made by the ALJ when supporting her argument. In fact, the ALJ continued: "I have to see when that actually in terms of the objective evidence *comes into play for the entire period*, whether you know, it came in after the March of '18 or before March of '18, I'll just have to look at it in some detail." (Tr. 444-45) (emphasis added). The ALJ specifically acknowledged that he must consider evidence during the entire period. Additionally, the ALJ's commentary later in the hearing reflects that the ALJ understood that he was to review the entirety of the evidence:

> It's important to look at all this information again. I posed that hypothetical because it was accepted by the courts before as being … the limitations so I just wanted to clarify with the VE . . . .as to what jobs can be done so, obviously, I'll look at that and I'll look at that maybe there was some different findings I could make with regard to the limitations prior to the last decision, but I'll at it. I look at everything.

(Tr. 447.) Further, the ALJ specifically acknowledged that he could make different findings regarding limitations prior to the last decision. (*See id.*)

Finally, during the hearing, the ALJ expressly asked counsel to confirm the period of disability, as her testimony had primarily been focused on her current limitations. (Tr. 431.) This prompted Plaintiff's counsel to inquire about Plaintiff's condition back to 2015, the alleged disability onset date, and Plaintiff described her condition at that time and then how it had evolved to the present. (Tr. 431-38.)

Additionally, the ALJ's decision contains a thorough recitation of the medical evidence throughout the entire period. (*See* Tr. 402-04) (identifying objective medical evidence, imaging, and treatment notes from 2015 to 2020.) The decision also expressly

notes that, in making the RFC finding, "the undersigned has considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1527 and 416.927." (Tr. 401.) Indeed, nothing in the decision reflects that the ALJ limited his review of the evidence to the time period after the date of the last decision, nor does Plaintiff identify anything other than a single, incomplete statement suggesting as much.

Finally, Plaintiff does not identify any evidence from before the first decision that she claims merits a different RFC finding. Importantly, Plaintiff bears the burden of establishing a more restrictive RFC than that assigned by the ALJ. *See Smith v. Berryhill*, 740 F. App'x 721, 726 (2d Cir. 2018). Plaintiff has not satisfied this burden.

Accordingly, the Court finds that the ALJ applied the appropriate scope of review on remand.

### B.  The ALJ Properly Considered the Opinion Evidence in Reaching the RFC.

Plaintiff argues that the ALJ erred by giving great weight to the "hopelessly vague" medical opinion of Dr. Litchmore, and then "improperly interpret[ing] the raw objective diagnostic and clinical data as a lay person to formulate Ms. Presley's function-by-function physical RFC." (Doc. 11-1 at 26.) According to Plaintiff, because the ALJ gave little weight to the opinions of Dr. Sauret, Dr. Rogers, and the State Agency review physicians, the functional limitations he ultimately assigned must have flowed from Dr. Litchmore's opinion, but given its alleged vagueness, Plaintiff argues that the ALJ impermissibly used his own lay opinion in fashioning the functional limitations contained within the RFC. (*See id.* at 26-27.)

A claimant's RFC is the most she can still do despite her limitations and is based on all relevant evidence in the record. *See* 20 C.F.R. §§ 404.1520(e), 404.945(a)(1), (a)(3); SSR 96-8p, 61 Fed. Reg. 34,474-01 (July 2, 1996). The regulations explicitly provide that the RFC is an administrative finding reserved to the Commissioner and not a medical finding. 20 C.F.R. § 404.1527(d); *Schillo v. Kijakazi*, 31 F.4th 64, 78 (2d Cir. 2022) (recognizing that "the ALJ bears 'the final responsibility' for making RFC determinations"); *see also Desirae D. v. Comm'r of Soc. Sec.*, 20-cv-00054-JGW, 2021 WL 2042576, at *3 (W.D.N.Y. May 21, 2021). As such, the RFC conclusion "need not perfectly match any single medical opinion in the record, so long as it is supported by substantial evidence." *Schillo*, 31 F.4th at 78. Indeed, an ALJ is permitted to "weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013). This remains the case even if the ALJ decides not to afford controlling weight to any of the medical opinions in the record. *Schillo*, 31 F.4th at 78. "An ALJ need not reconcile every conflict in the record but must set forth the crucial factors in his determination with sufficient specificity to enable a reviewing court to decide whether the determination is supported by substantial evidence*." Rebecca B. v. Comm'r of Soc. Sec.*, 22-cv-00631-HKS, 2025 WL 90625, at *4 (W.D.N.Y. Jan. 14, 2025) (citing *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019)).

Dr. Litchmore's medical source statement provided as follows:

> On the basis of physical exam, the claimant will have limitations as it relates to activities that require moderate to marked physical exertion in the context of rheumatoid arthritis. The claimant will also have moderate to marked limitation in terms of standing for prolonged periods of time, walking for prolonged periods of time, lifting and carrying heavy weights while standing and/or walking, all within the context of her chronic back pain.

(Tr. 742.)

In evaluating the opinion evidence, the ALJ provided this analysis as to Dr. Litchmore's opinion:

> Dr. Litchmore's April 2019 consultative opinion is given great weight as the finding of limitations for lifting and carrying heavy weights while standing or walking as these limitations are supported by the finding of reduced range of motion and are consistent with similar findings as well as intermittent positive straight leg raises noted in the treatment record (4F; 7F; 15F). These limitations are accommodated by the finding that the claimant can perform a reduced range of sedentary work, with postural restrictions.

(Tr. 404.)

First, Plaintiff's argument is premised on her contention that Dr. Litchmore's opinion is simply too vague to constitute substantial evidence to support the RFC. However, it is well-settled in this district that use of terms such as "moderate" or "marked" do not render an opinion too vague to be useful to an ALJ. *See O'Bara v. Colvin*, No. 1:14-CV-00775 (MAT), 2017 WL 2618096, at *2 (W.D.N.Y. June 16, 2017) (recognizing that "*Curry* does not stand for the broad proposition that a medical source opinion which uses terms like 'mild' or 'moderate' is *always* too vague to constitute substantial evidence.") (quoting *Richardson v. Colvin*, 2016 WL 3179902, *7 (W.D.N.Y. June 8, 2016)) (emphasis added). *See also Gabrielle C. v. Comm'r of Soc. Sec.*, No. 21-CV-00567-LJV, 2023 WL 5200159, at *2 (W.D.N.Y. Aug. 14, 2023) (recognizing that "an opinion using these terms to describe a claimant's degree of limitation in *physical* work-related functioning is not so vague as to prevent an ALJ from using it in making the RFC determination") (internal citations omitted). "Instead, when 'those opinions are based on clinical findings and an examination of the claimant, the conclusion can serve as an adequate basis for the ALJ's ultimate conclusion.'" *Beckles v. Comm'r of Soc. Sec.*, No.

18-CV-321P, 2019 WL 4140936, at *5 (W.D.N.Y. Aug. 30, 2019) (quoting *Dier v. Colvin*, No. 13-cv-502S, 2014 WL 2931400, at *4 (W.D.N.Y. June 27, 2014)).

Here, Dr. Litchmore performed an examination, described the results of his objective medical examination, and obtained imaging data. (Tr. 740-41, 743-44.)  The ALJ expressly identified this objective evidence, along with other objective evidence throughout the relevant period, in explaining the weight he gave to Dr. Litchmore's opinion.  (*See* Tr. 404) (noting that Dr. Litchmore's "limitations are supported by the finding of reduced range of motion and are consistent with similar findings as well as intermittent positive straight leg raises noted in the treatment record").  Accordingly, the opinion was not unduly vague such that the ALJ should not have relied on it.

Further, ALJ McGuan did not improperly substitute his own lay opinion when crafting the RFC.  To the contrary, he expressly noted that Dr. Litchmore's limitations (pertaining to both rheumatoid arthritis and back pain) were "accommodated by the finding that the claimant can perform a reduced range of sedentary work, with postural restrictions."  (*Id.*)  Moderate limitations on standing, walking, lifting, and carrying have been found to be consistent with sedentary work with postural limitations. *See Tiffany H. v. Comm'r of Soc. Sec.*, No. 1:20-CV-00924(JJM), 2021 WL 9595920, at *3 (W.D.N.Y. Aug. 27, 2021) ("Courts have found moderate limitations in standing, walking, lifting and reaching to be consistent with sedentary work."); *Jordan J. v. Comm'r of Soc. Sec.*, No. 19-CV-06597-FPG, 2021 WL 978846, at *2 (W.D.N.Y. Mar. 16, 2021) ("the ALJ affording 'significant weight' to the portion of Dr. Dave's opinion that found moderate to marked limitations in ... standing ... and walking is not inconsistent with the ALJ's conclusion that Plaintiff could perform the exertional requirements of sedentary work"); *DeRosia v. Colvin*,

No. 16-CV-6093P, 2017 WL 4075622, at *21 (W.D.N.Y. Sept. 14, 2017) (the "assessment of moderate to marked limitations for prolonged standing and walking is not inconsistent with the ALJ's conclusion that [the plaintiff] could perform the exertional requirements of sedentary work"); *see also Belinda C. v. Comm'r of Soc. Sec.*, No. 1:21-CV-281-DB, 2023 WL 2266334, at *6 (W.D.N.Y. Feb. 28, 2023) (same).

Plaintiff seems to argue that the ALJ erred for not including handling or fingering limitations, as such limitations could have been encompassed in Dr. Litchmore's limitations pertaining to rheumatoid arthritis. But this argument asks the Court to affirmatively read limitations that are not found anywhere in the record, either in Dr. Litchmore's opinion or in the objective medical evidence. Indeed, the results of Dr. Litchmore's examination reflect "[t]he claimant can zip the zipper, tie the shoelace, and button the button. Grip strength 5/5 bilaterally." (Tr. 741.) Thus, it was not error for the ALJ not to include a limitation that was not consistent with the record as a whole. *See Matta*, 508 F. App'x at 56 (noting that an ALJ is permitted to "weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole.")

Further, Plaintiff also seems to argue that the ALJ erred by finding Dr. Litchmore's opinion persuasive because it did not consider the records of the period prior to the first unfavorable decision and so the ALJ should have either gotten another opinion from Plaintiff's treating doctor or hired a medical expert to review the entire file. In support of this contention, Plaintiff relies on *Bonita B. v. Comm'r of Soc. Sec.*, No. 20-CV-1894MWP, 2023 WL 2342757, at *5 (W.D.N.Y. Mar. 3, 2023). But no authority, not even *Bonita B.*, requires the relief Plaintiff seeks. Indeed, even *Bonita B.* specifically notes that, when an ALJ seeks to ensure a complete record, "the ALJ must recontact the treating source, order

15

a consultative examination, or have a medical expert testify at the hearing." *Id.* (internal quotation and citation omitted). Even if there were a gap in the record, which the Court does not find, there is a consultative examination in the record in the intervening period from the first unfavorable decision to the present decision. Plaintiff simply does not agree with the opinion, but that does not translate into a requirement for the ALJ to seek yet another medical opinion, nor does it mandate remand. *See David C. v. Comm'r of Soc. Sec.*, No. 6:23-cv-06510-CJS, 2024 WL 4347151, *18 (W.D.N.Y. Sept. 30, 2024) (citing *Lisa M. o/b/o J.S. v. Comm'r of Soc. Sec.*, No. 1:21-cv-00292 EAW, 2023 WL 3943997, at *3 (W.D.N.Y. June 12, 2023) ("A disagreement with how the ALJ weighed the evidence is not a valid basis to challenge the ALJ's determination."))

Accordingly, the Court finds that the ALJ's RFC is supported by substantial evidence. *Mongeur v. Heckler*, 722 F. 2d 1033, 1039 (2d Cir. 1983) (report of a consultative examiner may constitute substantial evidence to contradict the opinion of a treating physician).

**IV.   CONCLUSION**

Based on the foregoing, the Court finds no basis for remand. **ACCORDINGLY**, it is:

**ORDERED** that Plaintiff's Motion for Judgment on the Pleadings (Doc. 11) is **DENIED**, and it is further

**ORDERED** that Defendant's Motion for Judgment on the Pleadings (Doc. 12) is **GRANTED**.

Dated: June 3, 2025　　　　　　　　　　　　　　　J. Gregory Wehrman  *J.A.W.*
Rochester, New York　　　　　　　　　　　　　　HON. J. Gregory Wehrman
　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge